SECRET

Unsealed
11/15/06

FILED

06 OCT 17 PM 2:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

January 2006 Grand Jury

'06 CR 2255 JAH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | Title 18, U.S.C., Sec. 371 - Conspiracy to Commit Offenses Against the United States; |
| JAMSHID GHASSEMI (1), ) AUREL FRATILA (2), ) | Title 18, U.S.C., Sec. 1956(h) - Conspiracy to Launder Money; |
| Defendants. ) | Title 18, U.S.C., Sec. 1956(a)(2)(A) - Money Laundering; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The grand jury charges:

### Count 1

1.  At all times relevant to this Indictment, in furtherance of world peace and the security and foreign policy of the United States, the Arms Export Control Act (22 U.S.C. § 2778) authorized the President of the United States to control the export of "defense articles" by designating items, such as military accelerometers, on the United States Munitions List.

//

//

WPC:nlv:San Diego
10/17/06

2. At all times relevant to this Indictment, the Department of State, Directorate of Defense Trade Controls, regulated the exportation of defense articles by, among other things, requiring persons to apply for and receive validated licenses or other written approvals before exporting defense articles. Such license applications had to identify the specific defense articles to be exported, the foreign consignee, and the end-user.

3. At all times relevant to this Indictment, it was the policy of the Department of State to deny licenses and other approvals for exports of defense articles destined for Iran.

## CONSPIRACY

4. Beginning at a date unknown to the grand jury and continuing up to and including October 17, 2006, within the Southern District of California, and elsewhere, defendants JAMSHID GHASSEMI and AUREL FRATILA did knowingly and intentionally agree and conspire with each other, and with other persons known and unknown to the grand jury, to commit offenses against the United States, to wit:

   a. to knowingly and willfully export from the United States defense articles designated on the United States Munitions List without first having obtained from the Department of State a license for such export or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2)and(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1; and

     b.    to knowingly and intentionally buy, conceal, and facilitate the transportation of, and facilitate the concealment of, merchandise, articles and objects, prior to exportation, knowing the same to be intended for exportation without the export license or written authorization required by Title 22, United States Code, Sections 2778(b)(2)and(c), and Title 22, Code of Federal Regulations, Sections 123.1 and 127.1(a)(1), in violation of Title 18, United States Code, Section 554.

## METHOD AND MEANS OF THE CONSPIRACY

5. It was a method and means of the conspiracy that defendant JAMSHID GHASSEMI would induce and instruct an individual within the United States to obtain and export defense articles from the United States to foreign countries for subsequent transshipment to the Islamic Republic of Iran. These defense articles included, but were not limited to, accelerometers suitable for spacecraft navigation and control systems.

6. It was a further method and means of the conspiracy that defendants JAMSHID GHASSEMI and AUREL FRATILA would induce and instruct an individual within the United States to conceal the exportation of the accelerometers through the use of falsified export control documents.

7. It was a further method and means of the conspiracy that defendants JAMSHID GHASSEMI and AUREL FRATILA would induce and instruct the individual within the United States to export the accelerometers to Romania.

8.   It was a further method and means of the conspiracy that defendants JAMSHID GHASSEMI and AUREL FRATILA would cause funds to be wire transferred from Romania to a bank account within the United States to promote the acquisition and illicit exportation of the accelerometers.

9.   It was a further method and means of the conspiracy that, once the accelerometers arrived in Romania, defendants JAMSHID GHASSEMI and AUREL FRATILA would cause the accelerometers to be transshipped to the Islamic Republic of Iran.

**OVERT ACTS**

10.   In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

   a.   On or about September 20, 2006, defendant AUREL FRATILA sent an e-mail message to an individual within the United States instructing the individual to ship twelve (12) accelerometers to Bucharest, Romania, via UPS.

   b.   On or about September 21, 2006, defendants JAMSHID GHASSEMI and AUREL FRATILA caused a $70,000 wire transfer from ING Bank in Romania to a bank account in San Diego, California.

All in violation of Title 18, United States Code, Section 371.

//
//
//
//

## Count 2

1. Paragraphs 1 and 2 of Count 1 are re-alleged, and incorporated herein, by reference.

2. Beginning at a date unknown to the grand jury and continuing up to and including October 17, 2006, within the Southern District of California, and elsewhere, defendants JAMSHID GHASSEMI and AUREL FRATILA did knowingly and intentionally agree and conspire with each other, and with other persons known and unknown to the grand jury, to knowingly and willfully transfer and transmit funds from a place outside the United States to a place inside the United States with the intent to promote the carrying on of specified unlawful activity, that is, violation of the Arms Export Control Act through the exportation from the United States of defense articles on the United States Munitions List without an export license or other written authorization for such export from the Department of State, in violation of Title 18, United States Code, Section 1956(a)(2)(A); all in violation of Title 18, United States Code, Section 1956(h).

//
//
//
//
//
//
//
//
//
//

Count 3

On or about September 21, 2006, within the Southern District of California, defendants JAMSHID GHASSEMI and AUREL FRATILA did knowingly and willfully transfer and transmit funds, that is, $70,000 in United States dollars, from a place outside the United States, that is, Romania, to a place in the United States, that is, San Diego, California, with the intent to promote the carrying on of specified unlawful activity, that is, violation of the Arms Export Control Act through the exportation from the United States of defense articles on the United States Munitions List without an export license or other written authorization for such export from the Department of State, all in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

DATED: October 17, 2006.

A TRUE BILL:

*Ellen M. Bach*
Foreperson

CAROL C. LAM
United States Attorney

By: *William P. Cole*
WILLIAM P. COLE
Assistant U.S. Attorney

SECRET

unsealed 11/16/06

06 OCT 17 PM 2:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2006 Grand Jury

'06 CR 2255

| UNITED STATES OF AMERICA, | ) Criminal Case No. _____ |
|---|---|
| Plaintiff, | ) |
|  | ) I N D I C T M E N T |
| v. | ) |
|  | ) Title 18, U.S.C., Sec. 371 - |
| JAMSHID GHASSEMI (1), | ) Conspiracy to Commit Offenses |
|  | ) Against the United States; |
| AUREL FRATILA (2), | ) Title 18, U.S.C., Sec. 1956(h) - |
|  | ) Conspiracy to Launder Money; |
| Defendants. | ) Title 18, U.S.C., |
|  | ) Sec. 1956(a)(2)(A) - Money |
|  | ) Laundering; Title 18, U.S.C., |
|  | ) Sec. 2 - Aiding and Abetting |

The grand jury charges:

Count 1

1.  At all times relevant to this Indictment, in furtherance of world peace and the security and foreign policy of the United States, the Arms Export Control Act (22 U.S.C. § 2778) authorized the President of the United States to control the export of "defense articles" by designating items, such as military accelerometers, on the United States Munitions List.

//

//

WPC:nlv:San Diego
10/17/06